UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| CHARLES R. ROBINSON, IV, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> J.E. KRUEGER ) <br> ) <br> Respondent. ) | Case No. 1:17-cv-01187-JBM |

## ORDER & OPINION

This matter is before the Court on Petitioner Charles R. Robinson IV's Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e). (Doc. 4). For the reasons explained below, Petitioner's Motion is granted in part, denied in part. Petitioner's Motion for Assignment of a Different Judge is denied. (Doc. 4). Petitioner's Motion to Alter or Amend Judgment is granted. (Doc. 4).

For the reasons explained below, upon reconsideration, Petitioner's Petition for Writ of Habeas Corpus is denied. (Doc. 1).

### BACKGROUND

In December of 1997, a jury convicted Petitioner of one count of possession of both cocaine and cocaine base with the intent to distribute, one count of possession of only cocaine base with intent to distribute, and one count of simple possession of cocaine base. *United States v. Robinson*, 164 F.3d 1068, 1069 (7th Cir. 1999). He was originally sentenced to two forty-year and one twenty-year terms of imprisonment to be served consecutively for a total of 100 years imprisonment. *United States v.*

*Robinson*, No. 99-4071, 2000 U.S. App. LEXIS 11822, at *6 (7th Cir. May 23, 2000). His sentence was reduced in 2016 to two thirty-year and one twenty-year terms of imprisonment to be served concurrently. *See* Amended Judgment (Doc. 286), *United States v. Robinson*, No. 3:97-cr-30025-RM-1 (C.D. Ill. May 27, 2016). Petitioner is currently serving that sentence at the Federal Correctional Institute in Pekin, Illinois. (Doc. 1 at 1).

Petitioner has an extensive litigation history at both the district court level and before the United States Court of Appeals for the Seventh Circuit. *Robinson v. United States*, 416 F.3d 645, 646 (7th Cir. 2005) (noting that this was the fourth time Petitioner's case had appeared before them). The Court notes that Petitioner filed his first motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 in 2003, which was deemed untimely. Id. at 647. The Court also notes that Petitioner received permission to file a second or successive § 2255 motion from the Seventh Circuit to challenge his sentence under *United States v. Johnson*, 135 S. Ct. 2551 (2015). Petitioner filed his second § 2255 motion and challenged whether his previous Illinois conviction for attempted arson was still considered a crime of violence. *Robinson v. United States*, No. 3:16-cv-03203-RM (C.D. Ill. July 13, 2016). The Court notes that Petitioner's second § 2255 is still pending.

On May 1, 2017, Petitioner filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner argues that under *Mathis v. United States*, 136 S. Ct. 2243 (2016), his prior Illinois conviction for robbery no longer qualifies as a crime of violence predicate offense for enhancing his sentence as a career offender under the United States Sentencing Guidelines § 4B1.1.

On May 16, 2017, the Court issued an order denying Petitioner's § 2241 Petition for several reasons. (Doc. 2). First, the Court found that Petitioner could not meet the Savings Clause requirements to be permitted to bring a § 2241. Second, the Court found that the Petition failed on its merits because Petitioner's predicate crime was a crime of violence under both the elements clause and was an enumerated crime.

On May 24, 2017, Petitioner filed an accusatory motion for the assignment of a different judge and to alter or amend judgment, pursuant to Fed. R. Civ. P. 59(e).

I. **MOTION FOR ASSIGNMENT OF A DIFFERENT JUDGE**

After denying the Petition, Petitioner caustically attacks the Court and the Court's prior rulings, both against Petitioner and other prisoner litigants. Petitioner accuses the Court of conduct "unbecoming of a United States District Judge" and accuses the Court of a "deep rooted sense of malice."[1] (Doc. 1). Petitioner requests the Court to recuse itself and reassign its cases because he believes there is an "appearance" of injustice.

Disagreement with the Court's previous rulings is not an appropriate cause for judicial recusal. Under 28 U.S.C. § 455(a), a federal judge must disqualify himself in any proceeding in which his impartiality might reasonably be questioned by a reasonable, well-informed observer. *Matter of Hatcher*, 150 F.3d 631, 637 (7th Cir. 1998). However, that impartiality must almost always be for an extrajudicial reason,

---

[1] The Court cautions Petitioner against using a caustic and disrespectful tone with the Court, even if Petitioner disagrees with the Court's decision. Comments like those and the following are disrespectful and inappropriate in pleadings to the Court: "This Court should not have to be reminded of that which it should know, the law. But any litigant, even a pro se one, would be remiss if they did not remind the Court of something so remedial, which is that District Courts don't overrule Appellate Courts." (Doc. 4 at 6).

not because of a disagreement with judicial rulings, routine trial administration efforts, or ordinary admonishments. *See Liteky v. United States*, 510 U.S. 540 (1994). Therefore, when a motion for recusal fails to set forth an extrajudicial source for the alleged bias and no such source is apparent, the motion should be denied. *Spangler v. Sears, Roebuck & Co.*, 759 F. Supp. 1327, 1332 (S.D. Ind. 1991).

Petitioner's dissatisfaction with the Court's rulings are not evidence of bias, nor do they provide a valid basis for a change of judge. *See United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966). Petitioner has provided nothing to support his claim for a new judge other than his disagreement with the Court's prior rulings. Therefore, Petitioner's motion for a new judge is denied.

### II. MOTION TO ALTER OR AMEND JUDGMENT

Petitioner moved to alter or amend judgment because the Sentencing Guidelines were considered mandatory when he was sentenced. Therefore, he argues that *Beckles v. United States,* 137 S. Ct. 886 (2017), is inapplicable to his designation as a career offender. For the reasons explained below, the Court will grant Petitioner's Motion to Alter or Amend Judgment. In order to succeed on a Rule 59(e) Motion, the petitioner "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995) (citing *FDIC v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986)).

Although Petitioner was resentenced in 2015 and 2016, when the Sentencing Guidelines were not mandatory, the Sentencing Judge was unable to reconsider whether defendant qualified as a career offender, which was imposed on him under

4

the mandatory Sentencing Guidelines. *See United States v. Robinson*, 812 F.3d 1130 (7th Cir. 2017). Therefore, the Court finds that its analysis of the enumerated crimes listed within Application Note 1 of USSG § 4B1.2 is legally correct; however it is not applicable to Petitioner, who was deemed a career offender when the Sentencing Guidelines were mandatory. Therefore, the Court grants Petitioner's Motion to Alter or Amend Judgment and will reconsider Petitioner's Petition for Writ of Habeas Corpus.

### III. PETITION FOR WRIT OF HABEAS CORPUS

Petitioner's claim must still be denied for two reasons. First, Petitioner fails to satisfy the *Davenport* requirements in order to be allowed to bring a § 2241 petition instead of a § 2255 motion. Second, even if he was able to satisfy the *Davenport* requirements, Petitioner's claim fails on the merits and must be denied. Because it is clear that Petitioner is not entitled to relief, Petitioner's Petition for habeas relief must be denied.

#### A. LEGAL STANDARDS

The Court, in its discretion, applies the Rules Governing Section 2254 Cases in the United States District Courts to this case. *See* Rules Governing Section 2254 Cases in the United States District Courts, R 1(b).[2] **This includes Rule 4, which requires that the Court "promptly examine" the Petition and dismiss it if it "plainly appears . . . that the petitioner is not entitled to relief."** Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District

---

[2] *See also Poe v. United States*, 468 F.3d 473, 477 n.6 (7th Cir. 2006); *Hudson v. Helman*, 948 F. Supp. 810, 811 (C.D. Ill. 1996) (holding Rule 4 takes precedence over the deadlines in 28 U.S.C. § 2243 and gives court discretion to set deadlines).

5

Courts, the Court has examined the Petition and concludes that Petitioner is not entitled to relief.

Petitioner repeatedly accuses the Court of inappropriately dismissing his Petition without requiring the Government to respond. However, Rule 4 requires the Court to promptly examine habeas petitions and to dismiss them if it plainly appears that the petitioner is not entitled to relief. Therefore, it was more than appropriate for the Court to promptly examine Petitioner's petition and to dismiss it because it was plainly clear that Petitioner was not entitled to relief. The Court cautions Petitioner against making broad accusations against the court simply because he disagrees with how his case was handled.

Federal prisoners like Petitioner who wish to collaterally attack their convictions or sentences ordinarily must do so under 28 U.S.C. § 2255. *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012). They may petition under 28 U.S.C. § 2241 only in the rare circumstance in which the remedy provided under § 2255 "is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e) (which is often referred to as "the Savings Clause"). The mere fact that Petitioner's claim would be a second or successive § 2255 motion does not render § 2255 inadequate or ineffective. *See In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998).

In *Davenport*, the United States Court of Appeals for the Seventh Circuit articulated three conditions that a petitioner must meet in order to invoke the Savings Clause on the basis of a change in law. *Id.* at 610-612. These conditions were recently summarized in *Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013), another case in which a petitioner brought a § 2241 petition based upon a Supreme Court decision

interpreting the residual clause of the ACCA. First, a prisoner "must show that he relies on a statutory-interpretation case rather than a constitutional case;" second, he "must show that he relies on a retroactive decision that he could not have invoked in his first § 2255 motion;" and third, "[the] sentence enhancement [must] have been a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding." *Id.* at 586 (citations omitted) (internal quotation marks omitted).

## B. DISCUSSION

Petitioner's claim must be denied for two reasons. First, Petitioner fails to satisfy the *Davenport* requirements in order to be allowed to bring a § 2241 petition instead of a § 2255 motion; therefore, his petition must be denied. Second, even if he was able to satisfy the *Davenport* requirements, Petitioner's claims fail on the merits and must be denied.

### i. *DAVENPORT* REQUIREMENTS AND *MATHIS'S* RETROACTIVITY

Petitioner has failed to satisfy the *Davenport* requirements to bring a § 2241 petition. Petitioner's argument relies on *Mathis*, 136 S. Ct. at 2243 and *Descamps v. United States*, 133 S. Ct. 2276 (2013). Both *Mathis* and *Descamps* are statutory interpretation cases, and are binding on this Court, but neither of which have been deemed retroactive on collateral review. *Holt v. United States*,[3] 843 F.3d 720, 722

---

[3] Petitioner asserts that in *Holt* the Government conceded that *Mathis* applies retroactively to § 2241 petitions and that the Seventh Circuit accepted that concession. (Doc. 4 at 2). Petitioner's interpretation of *Holt* is incorrect. The Government "conced[ed] that Holt would prevail in an initial collateral attack." 843 F.3d at 722. An "initial collateral attack" is a first § 2255 motion, not a § 2241 petition. Furthermore, the Court refused to consider the question of whether Holt was entitled

7

(7th Cir. 2016) ("*Mathis* has not been declared retroactive by the Supreme Court—nor is it a new rule of constitutional law."); *Groves v. United States*, 755 F.3d 588, 593 (7th Cir. 2014) ("the Supreme Court has not made *Descamps* retroactive on collateral review."). Petitioner argues that the only cases that need to be made retroactive by the Supreme Court are constitutional interpretation cases, for purposes of second or successive petitions under § 2255. However, Petitioner is wrong. In order to meet the *Davenport* requirements, Petitioner must show that he relies on a retroactive decision that he could not bring on his first § 2255 motion. Neither the United States Supreme Court nor the United States Court of Appeals for the Seventh Circuit has held that *Mathis* is retroactive for purposes of a § 2241 petition. Therefore, in order for Petitioner to proceed, Petitioner must be relying on a new rule of law that can be applied retroactively.

Petitioner asserts that *Mathis* can be applied retroactively. This Court disagrees and does not believe *Mathis* is retroactive. First of all, retroactivity analyses deal with <u>new rules</u>. *See Griffith v. Kentucky*, 479 U.S. 314, 328 (1987). "[A] case announces a new rule when it breaks new ground or imposes a new obligation on the States or the Federal Government. To put it differently, a case announces a new rule if the result was <u>not dictated by precedent existing at the time the defendant's conviction became final</u>." *Teague v. Lane*, 489 U.S. 288, 301 (1989) (citations omitted) (emphasis added). It is doubtful that *Mathis* even announced a

---

to relief under § 2241. *Id*. at 724 ("Whether he might be entitled to relief under 28 U.S.C. § 2241 . . . is a question *we need not consider*.") (emphasis added).

8

rule inasmuch as it only clarified that an exception to an already established rule could not be applied.

The issue before the court in *Mathis* was whether the Armed Career Criminal Act (the "ACCA"), codified at 18 U.S.C. § 924(e), had as an exception to the longstanding general rule that a prior crime qualifies as an ACCA predicate if, and only if, its elements are the same as or narrower than those of the generic offense, even when a defendant is convicted under a statute that lists multiple, alternative means of satisfying one (or more) of its elements. 136 S. Ct. at 2247-48. The Court held that such an exception could not exist under the Court's established precedent. *Id.*

The *Mathis* opinion is replete with references to how its outcome was dictated by the Supreme Court's existing precedent, and thus, not new. For example, the *Mathis* court wrote: "ACCA, <u>as we have always understood it</u>, cares not a whit about [the particular facts underlying a conviction]." 136 S. Ct. at 2248 (emphasis added) citing *Taylor v. United States,* 495 U.S. 575, at 599–602 (1990); *see also* 136 S. Ct. at 2249 – 2250. ("<u>Under our precedents, that undisputed disparity resolves this case. We have often held, and in no uncertain terms</u>, that a state crime cannot qualify as an ACCA predicate if its elements are broader than those of a listed generic offense. See, *e.g., Taylor,* 495 U.S., at 602, 110 S. Ct. 2143. How a given defendant actually perpetrated the crime—what we have referred to as the "underlying brute facts or means" of commission, *Richardson,* 526 U.S., at 817, 119 S. Ct. 1707—makes no difference; even if his conduct fits within the generic offense, the mismatch of elements saves the defendant from an ACCA sentence. <u>Those longstanding

9

principles, and the reasoning that underlies them, apply regardless of whether a statute omits or instead specifies alternative possible means of commission."); at 2253 ("And indeed, our cases involving the modified categorical approach have already made exactly that point."); at 2257 ("Our precedents make this a straightforward case. For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements."). So *Mathis* did not announce a new rule, rather it only clarified when the longstanding rule of *Taylor* applied. *See United States v. Taylor*, No. 16-6223, 2016 WL 7093905, at *4 (10th Cir. Dec. 6, 2016) (holding similarly and collecting cases). Therefore, the Court did not apply a new rule of law, but rather clarified how prior precedent should be applied. Because there is no rule of law, *Mathis* is not retroactive.

Since Petitioner is relying upon cases of statutory interpretation, the Court finds he has satisfied the first requirement of *Davenport*. However, he clearly cannot satisfy the second requirement—that he show that he relies on a retroactive decision that he could not have invoked in his first § 2255 motion—because neither *Mathis* nor *Descamps* has been held to apply retroactively on collateral review. For these reasons, § 2241 relief is not available to Petitioner and this petition must be denied pursuant to 28 U.S.C. §§ 2255(e), 2244(a). *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (federal courts are empowered to dismiss summarily any habeas petition that appears legally insufficient on its face).

### ii. ILLINOIS ROBBERY IS A VIOLENT FELONY

Furthermore, even if Petitioner were able to meet the *Davenport* requirements, his Petition fails on the merits. The United States Court of Appeals for the Seventh

Circuit has unequivocally held that "a violation of the Illinois robbery statute per se constitutes a violent felony for purposes of [the force clause] . . . ." *United States v. Dickerson*, 901 F. 2d 579, 584 (7th Cir. 1990). This case is binding on this Court and makes it clear on its face that Petitioner's Petition must be denied. This alone was sufficient to deny the Petition.

Petitioner argues that his Illinois robbery statute cannot satisfy the "force clause" because *Curtis Johnson v. United States*, 599 U.S. 133, 135-37 (2010), and *Mathis*, inherently overturned *Dickerson*. However, they did no such thing. In *Curtis Johnson*, the United States Supreme Court addressed whether the Florida crime of battery, which could be proven by showing that a defendant has "actually and intentionally touched the victim," had an element of physical force, thereby constituting a "violent felony" under the Armed Career Criminal Act. *Curtis Johnson*, 599 U.S. at 135-37. The Court found that "actually and intentionally touching" another person was not sufficient physical force. *Id*.

However, Illinois's robbery statute does not falter from any similar flaw. Since 1991, Illinois's robbery statute has been defined as:

> "A person commits robbery when he takes property from the person or presence of another *by the use of force or by threatening the imminent use of force*."

*People v. Touhy*, 31 Ill. 2d 236, 239 (1964) (emphasis added) (citing Ill. Rev. Stat. 1961, chap. 38, pars. 18-1, 18-2).[4] The Seventh Circuit has explained *Curtis Johnson*,

---

[4] Petitioner does not allege when his Illinois conviction for robbery occurred; however, Petitioner was born in 1963. *See United States v. Robinson*, 164 F.3d 1068, 1070 (7th Cir. 1999) (stating that Petitioner would be eligible for release in 2083, when he was 120 years old). However, because the Illinois robbery statute remains substantially unchanged since 1961, the Court finds that the year of Petitioner's conviction

11

stating "*Curtis Johnson* teaches that the violent force that must be feared for robbery by intimidation to be a crime of violence has a low threshold – a fear of a slap in the face is enough." *United States v. Armour*, 840 F.3d 904, 909 (7th Cir. 2016). Illinois's robbery statute requires either the use of force or the threatening of imminent use of force.[5] Even analyzing the lesser of the two prongs—threatening the imminent use of force, the Court cannot conceive of a kind of force threatened by a robber that would be strictly less than a "slap in the face." Therefore, under *Curtis Johnson*, an Illinois conviction for robbery would constitute a crime of violence. *See, e.g., Dorsey v. United States*, No. 16-C-6592, 2017 U.S. Dist. LEXIS 52805, at *11-12 (N.D. Ill. Apr. 6, 2017) (finding the same).

Furthermore, the Seventh Circuit has upheld the validity of *Dickerson*, even after *Curtis Johnson*. In 2016, the Seventh Circuit stated, while affirming a direct appeal that "[the appellant] has been convicted of robbery, in violation of Illinois law,

---

irrelevant. *Compare* Ill. Rev. Stat. 1961, chap. 38, pars. 18-1 *with* 720 Ill. Comp. Stat. § 5/18-1(a) (2016) ("A person commits robbery when he or she knowingly takes property, except a motor vehicle covered by Section 18-3 or 18-4, from the person or presence of another by the use of force or by threatening the imminent use of force.").

[5] Petitioner repeatedly argues that one can commit Illinois robbery without the use of force. He offers two hypotheticals: one, where a purse is stolen from a woman and two, where money is take from a cash register while the waitress is away. Petitioner asserts both hypotheticals without legal support and then argues that the Court must take his hypothetical "robberies" as true unless disputed by the respondent. However, Petitioner's hypotheticals are legal conclusions, not factual allegations. The Court is not required to presume that any of Petitioner's legal assertions are true. Furthermore, both of Petitioner's hypotheticals are those of theft; "the distinction between a robbery and a theft can be subtle—theft is a taking without the requirement of force." *United States v. Shamah*, 624 F.3d 449 (7th Cir. 2010) (citing 720 Ill. Comp. Stat. § 5/16-1). "To sustain a charge of robbery, the robber must use force or the threat of forces as the means to take the property from the person or presence of the victim." *Id.* (citing *People v. Blake*, 144 Ill. 2d 314 (1991)).

and we have held that convictions under that statute are crimes of violence under the elements clauses of the Guidelines and similarly worded statutes." *United States v. Smith*, 669 F. App'x 314, 315 (7th Cir. 2016) (citing *Dickerson*, 901 F.2d at 584).

The Court is assured that its interpretation of *Curtis Johnson's* application to Illinois law is correct because of the Seventh Circuit's holding in *United States v. Duncan*. 833 F.3d 751, 755 (7th Cir. 2016). In *Duncan*, the Seventh Circuit addressed whether Indiana's robbery statute was still a crime of violence under the elements clause. *Id*. Indiana law criminalized robbery as "a person who knowingly or intentionally takes property from another person or from the presence of another person: (1) by using or threatening the use of force on any person; or (2) by putting any person in fear; commits robbery, a Level 5 felony." *Id*. at 754 (citing Ind. Code § 35-42-5-1). The Seventh Circuit held: "The relevant holding of Lewis—that any conviction under Indiana Code § 35-42-5-1 *qualifies as a crime of violence under the elements clause* and is thus a violent felony—remains good law." *Id*. at 755 (citing *United States v. Lewis*, 405 F.3d 511 (7th Cir. 2005) (emphasis added)). Indiana's robbery statute is broader than Illinois's statute, because it includes "putting any person in fear." Therefore, if any conviction of Indiana's robbery statute remains a crime of violence under the elements clause, than any conviction of Illinois's robbery statute must likewise be a crime of violence under the elements clause.

Furthermore, the other district courts within this circuit have likewise held that the Illinois robbery statute is a crime of violence, even after *Curtis Johnson. See Dorsey*, 2017 U.S. Dist. LEXIS 52805, at *12 ("[R]obbery under Illinois law must qualify as a violent felony under the elements clause of the ACCA as well."); *Wolf v.*

*United States*, No. 16-cv-527-NJR, 2017 U.S. Dist. LEXIS 33064, at *5 (S.D. Ill. Mar. 8, 2017) ("Additionally, the Seventh Circuit has repeatedly held that robbery as defined by Illinois law is a crime of violence"); *Van Sach v. United States*, No. 16-C-5530, 2017 U.S. Dist. LEXIS 36591, at *13-15 (N.D. Ill. Mar. 14, 2017) ("But in any event, *Dickerson* remains binding precedent in this Circuit, and this Court must follow it unless it is overturned by the Seventh Circuit. This seems unlikely given that the Seventh Circuit and district judges in this Circuit have continued to rely on *Dickerson* even after the *Curtis Johnson* decision."); *United States v. Jones*, No. 16-C-6396, 2016 U.S. Dist. LEXIS 164876, at *6 (N.D. Ill. Nov. 29, 2016) ("What *Dickerson* then said, and what continues to control today, is that the Illinois statute in its own terms includes the elements of either 'use of force . . . threatening the imminent use of force.'"); *Adams v. United States*, No. 16-1096, 2016 U.S. Dist. LEXIS 113699, at *5 (C.D. Ill. Aug. 25, 2016) ("Accordingly, the elements of both robbery and armed robbery clearly include the use, attempted use, or threatened use of physical force against the person of another and would continue to qualify as a 'violent felony' or 'crime of violence' under the elements clause . . .").

Petitioner also argues that his Sentencing Judge "did not say under which clause it was using for enhancement purposes. Nor did the PSI or the Government's sentencing memorandum. It was the Government's burden to distinguish what clause was being utilized." (Doc. 4 at 5). However, not only does Petitioner offer no legal support for that assertion; that assertion has been rejected by several courts within this circuit. *See Holt*, 843 F.3d at 722-23 (suggesting that where a § 2255 petitioner's prior offenses could be categorized as a violent felony under either of the two

remaining clauses, he would not be entitled to habeas relief); *Van Sach*, 2017 U.S. Dist. LEXIS 36591, at *4 n.4 (rejecting the argument that the Court is precluded from determining whether an offense satisfy any of the other clauses); *Rogers v. United States*, 179 F. Supp. 3d 835, 841-42 (C.D. Ill. 2016) (rejecting a residual clause challenge because the record showed that the petitioner's predicate crime was a violent felony under the elements clause); *Dorsey*, 2017 U.S. Dist. LEXIS 52805, at *12-13 (rejecting Petitioner's argument that the government bared the burden to prove which clause he was convicted under because it was unsupported by any legal authority); *Clark v. United States*, No. 16-2296, 2017 U.S. App. LEXIS 2994, at *5 (7th Cir. Feb. 21, 2017) (denying a petitioner's request to add a residual claim because the Court found his crimes to be crimes of violence under the elements clause).

## IV. Conclusion

Because Petitioner's predicate conviction for Illinois robbery is a crime of violence under the force clause under binding precedent, there is no relief for the Court to grant and Petitioner's Petition must be denied.

IT IS THEREFORE ORDERED that Petitioner's Motion to Alter or Amend Judgment (Doc. 4) is GRANTED. Petitioner's Motion for Assignment of a New Judge (Doc. 4) is DENIED. The Court's Order dated May 1, 2017 (Doc 2) and the accompanying Judgment (Doc. 3) are VACATED. Petitioner's case is REOPENED.

Upon reconsideration, the Court finds Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2241. Thus, Petitioner's Petition (Doc. 1) is DENIED pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Entered this \_\_1st\_\_\_ day of June, 2017.

                                                                                    s/ Joe B. McDade
                                                                                  JOE BILLY McDADE
                                                           United States Senior District Judge